IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE

| | | |
|---|---|---|
| ROBERT D. BOGART, | : | |
| Plaintiff, | : | CASE NO. _____ |
| v. | : | JUDGE: _____ |
| CSX TRANSPORTATION, INC., | : | TRIAL BY JURY DEMANDED |
| Defendant. | : | |

## COMPLAINT

COMES NOW Plaintiff, Robert D. Bogart, by and through counsel, and files this Complaint against Defendant, CSX Transportation, Inc., and for his cause of action, says:

1. This cause of action arises under the Federal Employers' Liability Act (hereinafter "FELA"), 45 U.S.C. §§ 51-60, as amended, as well as the Safety Appliance Act (hereinafter "SAA"), 49 U.S.C. §§ 20301-20306.

2. Robert D. Bogart ("Plaintiff") is a resident and citizen of Erwin, Tennessee.

3. The Defendant, CSX Transportation, Inc. ("CSXT" or "Defendant"), is a Virginia corporation, having railroad lines, tracks, engines, and railroad cars which it maintains and operates within the jurisdiction of this Court, and CSXT is authorized to do business in the State of Tennessee.

4. At all relevant times, CSXT was doing substantial business within the jurisdiction of this Court as a common carrier of interstate and intrastate commerce and was engaged in interstate commerce and transportation, and at all relevant times, CSXT regularly and systematically conducted

- 1 -

its business activities and affairs within the State of Tennessee, and in particular the City of Kingsport and the County of Sullivan.

## COUNT I

5. Pursuant to the FELA, CSXT has a non-delegable duty to provide its employees, including Plaintiff, with a reasonably safe place to work.

6. The incident and Plaintiff's resulting injuries, as more fully described herein, give rise to a cause of action within the subject matter jurisdiction of the FELA.

7. On or about May 18, 2021, Plaintiff was working as a conductor for CSXT out of the Kingsport Yard in Kingsport, Tennessee. While working in the course and scope of his employment with the railroad, Plaintiff was severely injured when he fell from a ladder affixed to the end of railcar TILX6389 after the bottom rung of the ladder broke off from the ladder under his foot.

8. CSXT knew or had reason to know of the dangerous condition of the railcar that caused Plaintiff to fall.

9. CSXT's negligence was a cause of the incident and injuries alleged above.

10. At the time of the injury described above, Plaintiff's duties were in the furtherance of interstate commerce, and Plaintiff's work directly, closely and substantially affected the interstate commerce carried on by Defendant.

11. At the time and place of the injury described above, Defendant was negligent in one or more of the following manners, in that it:

    a) failed to provide Plaintiff with a reasonably safe place to work;

    b) failed to provide and maintain safe and proper equipment;

    c) failed to warn Plaintiff of known or reasonably foreseeable dangers;

    d) failed to adequately protect Plaintiff from dangerous worksite conditions;

e) failed to develop and enforce reasonably safe and proper methods, policies, procedures, rules, regulations, and/or standards for maintaining a reasonably safe place to work for Plaintiff;

f) failed to properly inspect, maintain and repair Plaintiff's working surfaces and work areas as required by OSHA and other regulations; and

g) Defendant was otherwise negligent through the negligent acts and/or omissions of its agents, officers, employees, managers, supervisory personnel and/or others, in ways that may be established through discovery.

12. CSXT breached its duty to Plaintiff by failing to comply with the provisions and requirements of the Federal Employers' Liability Act, 45 U.S.C. §§ 51-60, as amended.

13. As a result of the railroad's negligence and statutory violation, the Plaintiff sustained serious and painful injuries which are or may be permanent; he has suffered physical pain, discomfort and mental anguish, and these will or may continue in the future; he has incurred expenses for doctors and related medical care and in the future he will or may continue to incur such expenses in an effort to be cured or healed; he has missed time and lost earnings from his employment, and in the future he will or may continue to lose time, income and earning capacity as well as other benefits from his employment, and he has been unable to perform all of the usual personal affairs of a person of his age and position in life and in the future, he will or may continue to be unable to perform all of such affairs.

## COUNT II

14. Plaintiff adopts and incorporates by this reference each and every allegation contained in paragraphs 1 through 13, above, as if fully set forth herein.

15. CSXT allowed railcar TILX6389 to be used over its railroad lines by its employees, including Plaintiff, even though all rungs of the subject ladder were not securely attached, as required by 49 U.S.C. § 20301, *et seq.*

16. At the time of the incident described above, the subject railcar and its appurtenant ladder were a "vehicle" and "in use" within the meaning of the Safety Appliance Act, 49 U.S.C. § 20301, *et seq.*

17. The aforesaid acts and omissions of CSXT violated the provisions of the Safety Appliance Act, 49 U.S.C. § 20301, *et seq.*

18. As a direct result of the aforesaid statutory and regulatory violations by CSXT, acting through its agents and employees, Plaintiff was seriously injured. He has suffered severe physical pain, discomfort, and mental anguish, and these may continue in the future; he has incurred substantial expenses for treatment by physicians and related medical care, and in the future he may continue to incur such expenses in an effort to be cured and healed; he has missed time and lost earnings from his employment, and in the future he may continue to lose time and income, as well as other benefits from his employment; and he has been unable to perform many of the usual personal affairs of a man of his age and position in life and, in the future, he may continue to be unable to perform such affairs.

WHEREFORE, the Plaintiff, Robert D. Bogart, by counsel, demands a trial by jury and respectfully moves this Court for an award of damages against the Defendant in the amount of Three Million Dollars ($3,000,000.00), and all other costs allowed by law to be charged against Defendant and for such other relief as deemed appropriate and permitted by law.

ROBERT D. BOGART

By: /s/ Amy L. Stone
Amy L. Stone, Esq. (VA Bar #80327, NC Bar #29624)
The Moody Law Firm, Inc.
500 Crawford Street, Suite 200
Portsmouth, Virginia 23704
Telephone: (757) 393-4093
Facsimile: (757) 397-7257
Email: astone@moodyrrlaw.com
*Counsel for Plaintiff*